# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: O.S.

No. 15-0141 (Logan County 14-JA-32)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, C.S., by counsel William T. Forester, appeals the Circuit Court of Logan County's January 14, 2015, order terminating his parental rights to O.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Erica Barker Cook, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding: that he is an abusing parent as defined by West Virginia law, that there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected in the near future, that termination was necessary for O.S.'s welfare, that he is unlikely to fully participate in an improvement period, and in terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR filed an abuse and neglect petition that alleged that petitioner left O.S. alone in the family residence with his mother. The mother's parental rights to the child were terminated two weeks prior, and she was ordered to have no contact with O.S. In response to a new referral, a Child Protective Services ("CPS") worker and the West Virginia State Police went to the home. Drug paraphernalia, including a syringe, a pipe, and a spoon containing pink residue, were found in the home along with a box of mother's clothing. Petitioner, O.S.'s father, was at work and could not be reached.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

Petitioner waived his preliminary hearing on May 05, 2014, though petitioner was ordered to submit to a drug screen that day and random drug screens thereafter. A Multidisciplinary Team ("MDT") meeting was held on May 21, 2014. It was noted at the meeting that even though the mother's parental rights were previously terminated, she was acting as O.S.'s primary caretaker. Petitioner reported at the MDT meeting that he wanted his cousin and his cousin's wife to adopt O.S. and that he did not want an improvement period. However, at the hearing in May of 2014, petitioner advised the circuit court that he wished to move for an improvement period and requested a continuance to draft the appropriate written motion. The circuit court granted petitioner's continuance; ordered that legal custody of O.S. remain with the DHHR; and again ordered that petitioner submit to a drug screen that day and randomly thereafter.

On August 5, 2014, the circuit held an adjudicatory hearing. Following presentation of the evidence, the circuit court adjudicated O.S a neglected child. The circuit court found that sufficient clear and convincing evidence was introduced to show that petitioner had neglected the child by failing to protect him from his mother. Petitioner admitted that he permitted contact between O.S. and the mother following the termination of the mother's parental rights. The circuit court also found that there was drug paraphernalia in the baby's dresser drawer and a box of the mother's clothes in the home.

On October 21, 2014, the circuit court held the dispositional hearing. Petitioner filed a motion for a post-adjudicatory improvement period, and the DHHR filed a motion to terminate petitioner's parental rights. The circuit court found that even though petitioner knew that the mother was to have no contact with O.S., petitioner nevertheless permitted the contact and left the mother in a caretaking role shortly after her parental rights were terminated. The circuit court also found that petitioner failed to abide by its order that he submit to drug screens. The circuit court found that petitioner had little contact with O.S. after the emergency removal, only exercising two visits. Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated his parental rights to O.S. Petitioner appeals from that January 14, 2015 dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings set forth in its January 14, 2015 dispositional order, or in its termination of petitioner's parental rights.

To begin, the Court finds no error in the circuit court's finding that petitioner was an abusing parent. While petitioner argues that the State failed to prove by clear and convincing evidence that he knowingly neglected O.S. by allowing intermittent contact with the mother and that the contact was due to extenuating circumstances, rather than frequent and continuing contact, we disagree. Petitioner's argument on this issue minimizes his failure to protect O.S. by allowing continued contact between the child and his biological mother, whose parental rights were terminated due to a severe drug abuse problem.[2]

We have previously held that

"West Virginia Code, 49-6-2(c) requires that the DHHR, in a child abuse or neglect case, prove 'conditions existing at the time of the filing of the petition by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.,* 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syllabus Point 1, *West Virginia Department of Human Services v. Peggy F.,* 184 W.Va. 60, 399 S.E.2d 460 (1990). Syllabus Point 1, *In re Elizabeth Jo "Beth,"* 192 W.Va. 656, 453 S.E.2d 639 (1994). Syl. Pt. 3, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995). Syl. Pt. 1, *W.Va. Dept. of Health and Human Res ex rel. Wright v. Brenda C.,* 197 W.Va. 468, 475 S.E.2d 560 (1996). Two weeks after the mother's dispositional hearing terminating her parental rights, petitioner allowed her to be O.S.'s sole caretaker. While the mother was acting as O.S.'s caretaker, she was found with a crack pipe, a spoon with pink residue, and a syringe, all in the top drawer of O.S.'s furniture. Despite petitioner's arguments, several family members testified that petitioner, mother, and O.S. were seen together after the mother's rights were terminated. Further, some of the same witnesses testified that they saw the mother providing O.S. care and that petitioner left O.S. with the mother on a regular basis. Witnesses also testified that the mother was living in petitioner's home during that two week period. Petitioner himself admitted to allowing the mother to stay the night at his home even though he was aware that she was to have no contact with O.S. Contrary to petitioner's arguments, the DHHR clearly satisfied its burden of establishing that petitioner neglected O.S. The Court finds that this evidence appropriately supported the circuit court's finding at adjudication.

Next, petitioner argues that he should have been entitled to an improvement period because he fully and faithfully participated in a prior abuse and neglect proceeding and was granted custody of O.S. upon termination of the mother's parental rights. According to petitioner, this establishes that he was willing to participate in a post-adjudicatory improvement period in the current matter. However, the Court does not agree. As the circuit court specifically found below, petitioner failed to acknowledge his neglect of O.S. or how it negatively impacted

---

[2]Petitioner admitted to allowing the contact between O.S. and his mother even though he knew that her parental rights had been terminated.

him. This finding is supported by testimony from petitioner's family members that petitioner allowed the mother to live in the same household as and be the caretaker for O.S., despite the termination of her parental rights and her severe drug problem. Petitioner has not shown that he has the ability or desire to keep O.S. away from the mother, and his actions make it impossible for the child to safely return. Further, petitioner failed to abide by either of the circuit court's orders that he submit to random drug testing or that the mother have no contact with O.S. Moreover, petitioner maintained little, if any, contact with O.S. since the removal from his home in April 2014, exercising only two visits in May and August of 2014.

Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period. . . ." Moreover, in discussing improvement periods, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). In the instant matter, it is clear that the circuit court did not abuse its discretion in denying petitioner's motion for a post-adjudicatory improvement period due to his failure to protect O.S. from the mother or comply with the circuit court's orders. As outlined above, petitioner minimized his role in the neglect throughout the proceedings by willfully disregarding the circuit court's orders that O.S. have no contact with the mother. Petitioner remains married to the mother, with no plans to divorce her or move O.S. away from her. As such, it is clear that petitioner did not acknowledge his neglect of the child by failing to protect him from the mother, so denying him a post-adjudicatory improvement period was not error.

Finally, the Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that he could not substantially correct the conditions of abuse and neglect in the home. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The circuit court was presented with overwhelming evidence that petitioner failed to respond to or follow its orders. As addressed above, petitioner continued to permit contact between the

mother and O.S. even though he knew that her parental rights had been terminated and that the circuit court had barred such contact. Similarly, petitioner failed to comply with the services offered below by willfully refusing to submit to drug screens. As such, we find no error in the circuit court's finding in this regard.

Contrary to petitioner's argument that a less restrictive dispositional alternative existed, namely terminating his custodial rights as opposed to his parental rights, the circuit court had no option but to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare, as the circuit court found in this matter. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b)…that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, termination of petitioner's parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 14, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II